UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-77 JGB (SPx)** | Date | September 9, 2020 |
|---|---|---|---|
| Title | *Colony Insurance Company v. Earl Schmid, et al.* | | |

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order GRANTING Plaintiff's Motion for Default Judgment (Dkt. No. 35) (IN CHAMBERS)

Before the Court is Plaintiff Colony Insurance Company's ("Plaintiff" or "CIC") Motion for entry of default judgment. ("Motion," Dkt. No. 35.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court GRANTS the Motion.

**I. BACKGROUND**

Plaintiff filed a Complaint against Earl Schmid ("Schmid" or "Defendant") and Shelkey Equipment, Inc. (collectively, "Defendants") on January 13, 2020. ("Complaint," Dkt. No. 1.) The Complaint alleges three causes of action: (1) declaratory relief against Schmid; (2) breach of contract against Schmid; and (3) declaratory relief against Shelkey. (See Complaint.)

Defendants were properly served with the Complaint, summons, and other Court documents by substituted service. (Dkt. Nos. 9, 20.) Despite being served with the summons and Complaint, Schmid failed to file a response within the time prescribed by the Federal Rules of Civil Procedure.

After Defendant failed to file a responsive pleading, Plaintiff filed a request for entry of default. (Dkt. No. 33.) On June 16, 2020, the Clerk entered default against Schmid. ("Entry of Default," Dkt. No. 34.) On July 6, 2020, Plaintiff moved the Court for entry of default judgment against Schmid. ("Motion," Dkt. No. 35.) In support of the Motion, Plaintiff filed the

declaration of Catharine M. Tolson ("Tolson Declaration," Dkt. No. 35-1) and an exhibit ("Exhibit A," Dkt. No. 35-2).

No opposition was filed.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), a court may order default judgment following the entry of default by the Clerk of the Court.  Local Rule 55-1 requires an application to the Court for default judgment be accompanied by a declaration that conforms to the requirements of Federal Rule of Civil Procedure 55(b) and set forth the following information:

(1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Servicemembers Relief Act does not apply; and (5) that notice of the application has been served on the defaulting party, if required.

L.R. 55–1.

Whether to enter default judgment is within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092–93 (9th Cir. 1980).  In Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set forth the following factors for consideration in determining whether to grant default judgment:

(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471–72 ("Eitel factors").  Upon entry of default, the well-pleaded factual allegations of a complaint are deemed true; however, allegations pertaining to the amount of damages must be proven.  TeleVideo Systems Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  A plaintiff is required to provide evidence of his damages, and a court may rely only on the declarations submitted by the plaintiff or order a full evidentiary hearing.  Fed. R. Civ. P. 55(b)(2).  Further, the damages sought must not "differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

## III.  DISCUSSION

Plaintiff moves the Court to enter default judgment against Schmid.  Plaintiff seeks default judgment on its claims for breach of contract and default judgment against Schmid.  (See Motion at 17–19.)  In order for default judgment to be entered, Plaintiff must meet the procedural

requirements described above and establish that, on balance, the Eitel factors weigh in its favor. The Court evaluates these factors below.

### A. Procedural Requirements

Plaintiff has satisfied the procedural requirements for entry of default judgment by the Court. Pursuant to Federal Rule of Civil Procedure 55, Plaintiff did not petition for entry of default judgment until after default was entered against Defendant by the Clerk. (See Entry of Default; Motion.) Additionally, Plaintiff's Motion and accompanying declaration set forth the information required by the Local Rules of this Court. (Tolson Decl. at 2.) Thus, Plaintiff has satisfied the procedural requirements in the Local Rules and Federal Rules.

### B. Eitel Factors

#### 1. Possibility of prejudice to Plaintiff

Plaintiff would suffer prejudice if the Court does not enter default judgement. Because Defendant has not appeared in this action, a default judgment is the only means by which Plaintiff may obtain relief. Absent a default judgment, Defendant will have avoided liability simply by not responding to Plaintiff's action. Therefore, this factor weighs in favor of default judgment. Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (finding the plaintiff would suffer prejudice absent entry of a default judgment because of the defendant's unwillingness to cooperate and defend against the claim).

#### 2. Substantive merits of Plaintiff's claims

The second and third Eitel factors concern the merits of Plaintiff's substantive claims, and the sufficiency of the complaint. Eitel, 782 F.2d at 1471–72. "The Ninth Circuit has suggested that these two factors require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002) (internal citation omitted).

Plaintiff seeks entry of default judgment against Schmid on two claims: (1) declaratory relief by the Court that CIC has neither a duty to defend nor indemnify Schmid in an underlying personal injury action ("Underlying Action"); and (2) breach of contract.

##### a. No Duty to Indemnify

Plaintiff contends it is entitled to declaratory relief that it owes no duty to defend or indemnify Schmid for two reasons: (1) coverage is precluded under the policy's business description endorsement ("Business Description"); and (2) Schmid's failure to cooperate in his own defense eliminated any further obligation to defend Schmid ("Cooperation Clause"). (Complaint ¶ 13; see also Motion at 17–19.)

Plaintiff alleges that the Business Description precludes any coverage because the policy specifically limits coverage of "bodily injury" or "property damage" arising out of Schmid's role as a Solar Energy Contractor. (Complaint at ¶¶ 12, 20; see also Motion at 18.) The interpretation of an insurance policy is a question of law governed by the fundamental rules of contract interpretation. Ameron Int'l Corp. v. Ins. Co. of State of Pa., 50 Cal. 4th 1370, 1377 (2010). A court must "look first to the language of the [insurance] contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it." Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 18 (1995) (citing Cal. Civ. Code § 1638).

The allegations establish that the claims asserted in the Underlying Action do not fall within the scope of the policy. The Business Description in the insurance agreement provides coverage for "'bodily injury' or 'property damage' caused by or result[ing] from the business described in the [s]chedule." (Id. ¶ 12.) In the schedule, the only business covered by the policy is that for a "[s]olar [e]nergy [c]ontractor[.]" (Id.) Plaintiff alleges that the personal injury in the Underlying Action occured while Schmid was engaged in trucking and loading operations and not solar energy contracting. (Id. ¶¶ 11, 14.) Thus, the plain meaning of the alleged insurance policy establishes that Plaintiff owes no duty to defend or indemnify Defendant. Because Schmid was engaged in a conduct not covered in the Business Descriptions, coverage of his injury is precluded.

Plaintiff further alleges the Cooperation Clause precludes any further obligation for Plantiff to perform. (Id. at ¶ 13; see also Motion at 17–19.) The Cooperation Clause provides that Schmid must "[c]ooperate with [CIC] in the investigation or settlement of the claim or defense against [any] suit." (Complaint ¶ 12 (internal quotations omitted).) Plaintiff alleges that it retained defense counsel for Schmid in the Underlying Action but counsel was consistently unable to reach him. (Id.) Plaintiff alleges Schmid was wholly uncooperative in his defense, in violation of the Cooperation Clause. (Id.) Accordingly, the allegations establish that Plaintiff has no further obligation to perform under the policy because Schmid failed to cooperate in his own defense.

Moreover, Plaintiff has sufficiently pleaded a claim for declaratory relief. The Declaratory Judgments Act requires that a party seeking declaratory relief must allege (1) an actual controversy (2) regarding a matter within federal subject matter jurisdiction. 28 U.S.C. § 2201(a). Once these two requirements are met, a presumption exists that a court may hear a declaratory judgment action. Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1224 (9th Cir. 1998). A request for declaratory relief alleges an actual controversy when the request is "definite and concrete, touching the legal relations of parties having adverse legal interests," and the declaratory judgment must allow for specific and conclusive relief. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937). Declaratory relief is often sought in actions between insurers and insureds to determine rights and obligations under an insurance policy. See United States v. Transp. Indem. Co., 544 F.2d 393, 395 (1976).

Here, the Complaint asserts a genuine controversy regarding a matter within the Court's subject matter jurisdiction. First, there is a real legal dispute regarding Plaintiff's duty to defend

or indemnify Defendant in the Underlying Action. Plaintiff argues that the Policy specifically precludes coverage for personal injury resulting from business not described in the Policy. A declaratory judgment would provide complete relief to Plaintiff and resolve this action. Second, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201 because there is complete diversity between the parties and the amount in controversy exceeds $75,000. Consequently, Plaintiff has adequately alleged a claim for declaratory relief.

    b. **Breach of Contract**

Plaintiff argues that it is entitled to default judgement on its breach of contract claim. Plaintiff alleges that Schmid's breach of the Policy's Cooperation Clause constitutes a breach of contract. (Motion at 19.) The elements of breach of contract are "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Thrifty Payless, Inc. v. The Americana at Brand, LLC, 218 Cal. App. 4th 1230, 1244 (2013). As detailed above, the allegations in the Complaint establish that Defendant violated the Cooperation Clause by failing to confer with defense counsel retained by Plaintiff in the Underlying Action. (Complaint ¶ 13.) As such, Plaintiff has stated a viable claim for breach of contract. Therefore, Plaintiff has satisfied the second and third Eitel factors.

    3. **Sum of money at stake**

The fourth Eitel factor examines the amount of money at stake in the action relative to the gravity of the defendant's conduct. PepsiCo, 238 F. Supp. 2d at 1176. Plaintiff seeks only declaratory and not monetary relief. (See Motion at 23.) Therefore, the fourth Eitel factor is neutral.

    4. **Possibility of dispute concerning material facts**

Upon entry of default, all well-pleaded factual allegations are deemed true—except those pertaining to damages. TeleVideo, 826 F.2d at 917; Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. Feb. 11, 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Because Defendant has not appeared in this action or asserted any defenses, it is unlikely that disputes as to material facts will arise. Accordingly, this factor favors default judgment.

    5. **Whether default was due to excusable neglect**

Under the sixth factor, the court must consider whether a defendant's default may have been due to excusable neglect. Eitel, 782 F.2d at 1472. This factor favors default judgment where the defendant has been properly served or the plaintiff demonstrates the defendant is aware of the action. Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. Jan, 23, 2012). Here, Schmid was properly served with the summons and Complaint on February

25, 2020. (Dkt. No. 20.) Accordingly, the Court concludes Defendant's default was not the product of excusable neglect. Thus, this factor favors entry of default judgment.

### 6. Policy favoring decision on the merits

Generally, default judgments are disfavored because "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472 (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). However, where a defendant fails to appear and respond, default judgment is appropriate. Wecosign, 845 F. Supp. 2d at 1083. Here, Defendant's failure to appear or defend against this action makes a decision on the merits impracticable. Therefore, this factor weighs in favor of default judgment.

On balance, the Eitel factors weigh in favor of default judgment against Defendant. The Court thus GRANTS the Motion for default judgment.

### C. Requested Relief

Having determined that the Motion should be granted, the Court now turns to Plaintiff's requested relief. In its motion for default judgment, Plaintiff asks this court for declaratory relief that it has no duty to defend or indemnify Schmid and excusing CIC from further performance under the Policy. (Motion at 18-19.) This request is within the scope of what is demanded in the complaint, (see Complaint at 11-12), and warranted under the Declaratory Judgments Act. Accordingly, the court GRANTS Plaintiff's request for declaratory relief and DECLARES that: (1) Plaintiff does not owe any duty to defend or indemnify Schmid in the Underlying Action under the terms of the policy; and (2) Plaintiff is excused from further performance under the policy by Schmid's breach of contract.

### IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion for default judgment is GRANTED. A separate judgment shall be entered in favor of Plaintiff. The Court DECLARES that: (1) Plaintiff does not owe any duty to defend or indemnify Schmid in the Underlying Action under the terms of the policy; and (2) Plaintiff is excused from further performance under the policy by Schmid's breach of contract.

**IT IS SO ORDERED.**