Brandt L. Wolkin, Esq.  (SBN 112220)
bwolkin@wolkincurran.com
Catharine M. Tolson, Esq.  (SBN 271223)
ctolson@wolkincurran.com
WOLKIN · CURRAN, LLP
111 Maiden Lane, Sixth Floor
San Francisco, California 94108
Telephone:  (415) 982-9390
Facsimile:   (415) 982-4328

Attorneys for Plaintiff
COLONY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, a Virginia corporation,<br><br>Plaintiffs,<br><br>v.<br><br>EARL SCHMID, an individual, SHELKEY EQUIPMENT, INC. DBA ENERGY EQUIPMENT CO., a Kentucky Corporation, AND DOES 1-10<br><br>Defendants. | Case No.: 5:20-cv-00077<br><br>**COLONY INSURANCE COMPANY'S FIRST _SUPPLEMENTAL_ COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 15(d), PLAINTIFF COLONY INSURANCE COMPANY hereby makes the following supplemental allegations against Defendant SHELKEY EQUIPMENT, INC. DBA ENERGY EQUIPMENT CO. in light of events that have taken place since Colony filed its Original Complaint in this action on January 13, 2020.

**This First Supplemental Complaint adds to and is not intended to supersede any allegation of Colony's originally filed Complaint.**

///

1.

**FIRST SUPPLEMENTAL COMPLAINT**   CASE NO. 5:20-CV-00077

## SUPPLEMENTAL FACTUAL ALLEGATIONS

1. The Policy also contains the following relevant auto exclusion:

"g. Aircraft, Auto or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use of entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others or any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured."

2. On or about June 10, 2020, Colony agreed to provide Shelkey with a defense in the underlying Personal Injury Action subject to a reservation of rights. A true and correct copy of that correspondence is attached hereto and incorporated by reference as **Exhibit A**.

3. On or about July 24, 2020, Colony amended its reservation of rights to Shelkey. Among the rights reserved was the right to seek reimbursement of fees and costs incurred in the defense of Shelkey in the Personal Injury Action. A true and correct copy of that correspondence is attached hereto and incorporated by reference as **Exhibit B.**

## THIRD CAUSE OF ACTION

**(Declaratory Relief Against Shelkey only– No Duty to Defend or Indemnify as an Additional Insured under the Policy)**

4. Colony re-alleges and incorporates by reference all paragraphs of this First Supplemental Complaint and the original Complaint as though fully set forth herein.

///

5. As alleged Paragraph 15 of the original Complaint, the Blanket Additional Insured Endorsement provides that, in order to qualify as an additional insured, there must be a "written" contract between Colony's named insured, and the purported additional insured where Colony's insured promises additional insured status to the other. No such contract exists between Colony's named insured and Shelkey.

6. Further, Colony's named insured was not engaged in the business of solar energy contracting during the incident which gave rise to the underlying Personal Injury Action. To the contrary, Defendant Schmid was operating as a trucking business, hired to move containers out of a landfill at the time the injury occurred. Colony therefore contends that the Business Description Endorsement precludes coverage for Shelkey under the Policy, since the "bodily injury" or "property damage" does not arise out of Defendant Schmid's role as a Solar Energy Contractor.

7. Colony further contends that the auto exclusion on the Policy applies to preclude coverage for Shelkey because Defendant Schmid and/or Desert Power, Inc. were engaged in trucking activities at the time of the injuries alleged in the underlying Personal Injury Action, and therefore those injuries arose out of the ownership, maintenance, or use of an "auto."

8. Accordingly, an actual controversy has arisen and now exists between Colony, on the one hand, and Shelkey on the other hand, concerning the respective rights and obligations under the Policy.

9. Colony seeks a judicial determination that it has no duty to defend or indemnify Defendant Shelkey in the underlying Personal Injury Action.

///
///
///
///

**FIRST SUPPLEMENTAL COMPLAINT**   CASE NO. 5:20-CV-00077

## FOURTH CAUSE OF ACTION

### (Money Judgment against Shelkey only)

10. Colony re-alleges and incorporates by reference all paragraphs of this First Supplemental Complaint and the original Complaint as though fully set forth herein.

11. The Colony Policy provides no coverage, and therefore no duty to defend Shelkey.

12. The Colony Policy was and is legally enforceable.

13. Colony has performed all promises, covenants, and obligations required of the terms of the Policy, except as such performance is excused or prevented.

14. As stated above, the Policy's Blanket Additional Insured Endorsement provides that, in order to qualify as an additional insured, there must be a "written" contract between Colony's named insured and the purported additional insured where Colony's named insured promises additional insured status to the other. No such contract exists between Earl Schmid and Shelkey.

15. Colony is informed and believes and based thereon alleges that there is no contract between Colony's named insured, Defendant Schmid, and Shelkey requiring Defendant Schmid to name Shelkey as an additional insured on any policy of insurance. Accordingly, Colony alleges there is no coverage for Shelkey under the Policy.

16. Colony further contends that the Business Description Endorsement precludes coverage for Shelkey under the Policy since the "bodily injury" or "property damage" does not arise out of Defendant Schmid's role as a Solar Energy Contractor. Rather, Defendant Schmid was engaged in a trucking business operation at the time of the injuries alleged in the Personal Injury Action.

17. Colony further contends that the Policy's auto exclusion applies to preclude coverage for Shelkey because Defendant Schmid and/or Desert Power, Inc. were engaged in trucking activities at the time of the injuries alleged in the Personal Injury Action and therefore those injuries arose out of the ownership, maintenance, or use of an "auto."

18. Notwithstanding the foregoing, on June 10, 2020, Colony agreed to provide Shelkey with a defense in the Personal Injury Action, subject to a reservation of rights, which was amended on July 24, 2020. Among the rights reserved was the right to seek reimbursement of fees and costs incurred in the defense of Shelkey in the Personal Injury Action.

19. Shelkey has been unjustly enriched by Colony providing a defense to it in the Personal Injury Action.

20. Colony has incurred and will incur costs, fees, expenses, and payments in connection with its providing a defense to Shelkey with respect to the Personal Injury Action.

21. Because there is no coverage for the Personal Injury Action under the Colony Policy, Colony has been damaged in the amount of attorneys' fees, costs, and expenses it has incurred and will incur, plus interest, with respect to the defense it is providing Shelkey in the Personal Injury Action.

22. Colony is entitled to a money judgment from Shelkey for all amounts it has incurred and will incur with respect to defending Shelkey in the Personal Injury Action under the Colony Policy, in an amount to be proven at trial, plus interest.

///
///
///
///
///

**SUPPLEMENTAL RELIEF SOUGHT**

WHEREFORE, in addition to the prayer for relief contained in Colony's Complaint, Colony supplementally prays that this Court further find, declare, and enter judgment in favor of Colony, as follows:

For a money judgment against Defendant Shelkey for all amounts Colony has incurred and will incur with respect to the defense it is providing Shelkey in the Personal Injury Action, plus interest;

1. For prejudgment interest; and
2. For such other and further relief as this Court may deem just and proper.

Dated: August 3, 2020

WOLKIN • CURRAN, LLP

*/s/ Brandt L. Wolkin*

By: _____
Brandt L. Wolkin, Esq.
Catharine M. Tolson, Esq.

Attorneys for Plaintiff
COLONY INSURANCE ASSOCIATION